UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| USDC-SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC#: |
| DATE FILED: August 11, 2015 |

---

DILCIA MEDRANO,

                    Plaintiff,

        v.

ARAMARK HEALTHCARE
TECHNOLOGIES, LLC and MARK PERRI
(a/k/a Mark Perez),

                 Defendants.

No. 14-CV-6777 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Before the Court is Plaintiff Dilcia Medrano's motion to remand this state law personal injury action to New York State Supreme Court, Bronx County, where the case was originally filed. Defendants Aramark Healthcare Technologies, LLC and Mark Perri removed the action to this Court, arguing that Perri had been fraudulently joined for the sole purpose of destroying diversity jurisdiction. Medrano contends otherwise, arguing that Perri was properly joined, and that this Court thus lacks subject matter jurisdiction. For the reasons that follow, Plaintiff's motion to remand is granted, while her related application for costs and fees is denied.

## BACKGROUND[1]

Medrano filed this action against Aramark and Perri in the Supreme Court of the State of New York, Bronx County, on July 18, 2014. *See* Mot. to Remand, Dkt. 5, Ex. B. She alleges that on July 25, 2011, while performing her duties at Bronx Lebanon Hospital Center ("Bronx

---

[1] The facts contained herein are drawn from Medrano's Amended Complaint, Mot. to Remand (Dkt. 5) Ex. B ("Am. Compl."), and an affidavit submitted in conjunction with her remand motion, *id.* Ex. B ("Pl.'s Aff."). *See LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999) ("[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.").

Lebanon"), she was directed by Perri, an employee of Aramark, to move a food cart. Pl.'s Aff. ¶ 3. Medrano asserts that the cart had been "improperly stacked too high with food boxes" by others under the management of Perri, and that while guiding the cart through a doorway, her hand was crushed as she attempted to steady the boxes. *Id.* Plaintiff claims that the dangerous manner in which food carts were stacked was an ongoing issue of which Perri was aware, in light of her and other workers' prior complaints. *Id.* ¶¶ 3–4.

Medrano contends that she was employed as a "food service person" by Bronx Lebanon, and not Aramark, although her "employment duties were being directly managed by [Perri] on the day of the accident and for years preceding the accident." *Id.* ¶ 1–2. In addition, she alleges that Perri was the direct manager responsible for supervising all aspects of food services performed by Aramark at Bronx Lebanon, including the stacking of food carts. *Id.* ¶ 4.

Plaintiff brings causes of action for negligence against Perri and for negligence and a violation of New York Labor Law § 200 against Aramark. On August 21, 2014, Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441, asserting that Perri, the non-diverse defendant, had been fraudulently joined.[2] Plaintiff now moves to remand the action to state court, arguing that her claims against Perri are valid and that this Court lacks subject matter jurisdiction to hear them. Plaintiff seeks recovery of all costs and fees incurred as a consequence of the removal.

---

[2] Plaintiff is a resident of New York, Am. Compl. ¶ 1, as is Perri, *id.* ¶ 3, while Aramark is a Delaware limited liability company with its principal place of business in Pennsylvania, Motion to Remand (Dkt. 5) Ex. A, Notice of Removal ¶ 4-5.

## DISCUSSION

### A.  Fraudulent Joinder

Defendants contend that Perri was fraudulently joined for the sole purpose of defeating diversity jurisdiction and preserving Medrano's choice of forum. The doctrine of fraudulent joinder "allows the federal district court, in matters removed from state courts, to strike nondiverse defendants who have no real connection with the dispute, or who have no real liability because there is no possibility of recovery against them." *Hosein v. CDL West 45th Street, LLC*, No. 12-CV-6903 (LGS), 2013 WL 4780051, at \*3 (S.D.N.Y. June 12, 2013). *See also Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) (noting that the doctrine prevents plaintiffs from defeating "a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy").

In order to show fraudulent joinder, a defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 461. In evaluating a claim of fraudulent joinder, "all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

Here, Defendants contend that New York State law bars Medrano from bringing a negligence suit against Perri, and that he was thus fraudulently joined. First, they argue that Medrano's "allegations map out the elements of the doctrine of *respondeat superior* in New York," and that Medrano has otherwise failed to "allege that Perri acted outside the scope of his employment with Aramark." Defs.' Opp. (Dkt. 7) at 2. Only Aramark can be held liable for Perri's purported negligence, Defendants argue, not Perri. *Id.* Second, Defendants assert that Medrano

3

was a "special employee" of Aramark, and that New York Workers' Comp. Law §§ 11 and 29(6) thus provide an exclusive remedy for her injuries. *Id.* at 3.

## 1. *Respondeat Superior*

"Under the doctrine of *respondeat superior*, an employer is answerable for the tortious acts of its employees if those acts were within the scope of employment and in furtherance of the employer's business." *Compass Grp., USA v. Mazula*, 795 N.Y.S.2d 395, 396 (N.Y. App. Div. 2005). The doctrine is one of vicarious liability, *Riviello v. Waldron*, 391 N.E.2d 1278, 1280–81 (N.Y. 1979), pursuant to which "liability for another person's wrongdoing is imputed to the defendant." *Bros. v. New York State Elec. & Gas Corp.*, 898 N.E.2d 539, 542 (N.Y. 2008).

Here, although Medrano's Amended Complaint does not expressly assert *respondeat superior* as a theory of recovery, the Court can nonetheless infer such a theory from the face of Medrano's pleadings. *See Rodriguez v. New York City Transit Auth.*, 938 N.Y.S.2d 229 (N.Y. Sup. Ct. 2011), *aff'd in part, modified in part*, 943 N.Y.S.2d 94 (N.Y. App. Div. 2012). Medrano alleges that Perri was an Aramark employee, and that Medrano's injuries arose from his purportedly negligent performance of his employment duties. Am. Compl. ¶¶ 21–26. In her Affidavit, moreover, she expressly asserts that her injuries arose from Perri's purportedly negligent performance of his duties as "the direct manager responsible for supervising all aspects of the food service operation performed by defendant ARAMARK." Pl.'s Aff. ¶ 4.

But the mere fact that Medrano has asserted *respondeat superior* as a theory of recovery, at least impliedly, does not mean that Perri was fraudulently joined, named only to defeat diversity jurisdiction. As an initial matter, Medrano's ability to prevail on this theory of liability depends on several questions—whether Perri's purported tortious act fell within the scope of his employment, whether it furthered Aramark's business, and thus whether Aramark can be held vicariously

4

liable—all of which are ordinarily reserved for the jury. *See Quadrozzi v. Norcem, Inc.*, 509 N.Y.S.2d 835, 837 (N.Y. App Div. 1986). If Aramark cannot be held vicariously liable, Medrano's claims against Perri are proper.

Even if the Court could resolve such factual questions as a matter of law and find that Perri's negligence is *necessarily* imputed to Aramark, a determination that Perri was fraudulently joined would still be improper. It is true that in her Amended Complaint and Affidavit Medrano nowhere alleges that Perri's tortious acts fell outside the scope of his employment. It is also true that multiple New York cases have held that, "[i]n an action against an employer based upon the doctrine . . . the employee allegedly committing the tortious conduct is not a necessary party." *Trivedi v. Golub*, 847 N.Y.S.2d 211, 212 (N.Y. App. Div. 2007). *See also Rock v. Cnty. of Suffolk*, 623 N.Y.S.2d 9, 10 (N.Y. App. Div. 1995); *Shaw v. Vill. of Hempstead*, 246 N.Y.S.2d 557, 558 (N.Y. App. Div. 1964).

Nonetheless, it does not follow that Perri, although not *necessary* to the action, is improperly named as a defendant, or that recovery against him would be impossible. Indeed, numerous New York cases suggest otherwise. *See, e.g., Wilson v. City of New York*, 131 N.Y.S.2d 47, 50 (N.Y. Sup. Ct. 1954) (finding, in the context of *respondeat superior*, that "[a] master and servant may be joined in a single action as theirs is a liability which must be considered as that of one tort-feasor and is a consolidated and unified one"). *See also G. ex rel. G. v. Athletic Alliance Risk Purchasing Grp.*, 747 N.Y.S.2d 884, 887 (N.Y. Sup. Ct.), *on reargument in part sub nom. Goodwin v. Athletic Alliance Risk Purchasing Grp.* (N.Y. Sup. Ct. 2002) ("It is beyond question that an individual may be held liable for his own affirmative acts of negligence, whether or not such acts are within the scope of his employment."); *Reliance Ins. Co. v. Morris Associates, P.C.*, 607 N.Y.S.2d 106, 108 (N.Y. App. Div. 1994) ("[I]t is well settled that an agent can be held liable

5

for his own negligent acts."); Restatement (Third) Of Agency § 7.01 (2006) ("An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee . . . or within the scope of employment."); Restatement (Second) of Agency § 343 (1958) (same).

The Court cannot find it "obvious according to the settled rules of" New York, *Raphael v. 18 Rest., Inc.*, 954 F. Supp. 549, 551 (E.D.N.Y. 1996), that the vicarious liability of Aramark would preclude a finding of liability against Perri. Defendants have thus failed to meet their "heavy burden," *id.*, of showing that Perri was fraudulently joined on this basis.

## 2. Workers' Compensation

In New York, "[i]t is well settled that Workers' Compensation is the exclusive remedy for any employee injured as a result of negligence attributable to his employer." *Quinlan v. Freeman Decorating, Inc.*, 160 F. Supp. 2d 681, 684 (S.D.N.Y. 2001). *See also* N.Y. Workers' Comp. Law § 11 ("The liability of an employer [under the statute] shall be exclusive and in place of any other whatsoever, to such employee . . . on account of such injury or death or liability arising therefrom."). It is similarly well settled that this "exclusive remedy extends to special employees." *Quinlan*, 160 F. Supp. 2d at 684 (citing *Thompson v. Gunman Aerospace Corp.*, 585 N.E.2d 355 (N.Y. 1991)) (quotations omitted).

Here, Defendants argue that Medrano, although employed by Bronx Lebanon, was actually a "special employee" of Aramark at the time of her injury, but that Bronx Lebanon, her general employer, paid her workers' compensation—her exclusive remedy for Perri's negligence under New York law. Defs.' Opp. 3. If so, Medrano's claims against Perri (and Aramark) for negligence would be barred.

6

"A special employee is described as one who is transferred for a limited time of whatever duration to the service of another." *Quinlan*, 160 F. Supp. 2d at 684. A "general employee of one employer may be a special employee of another employer," *Giordano v. Freeman Decorating Co.*, No. 97-CV-1928, 2000 WL 323256, at *3 (S.D.N.Y. Mar. 28, 2000), "notwithstanding the general employer's responsibility for payment of wages and for maintaining workers' compensation and other employee benefits," *Thompson*, 585 N.E.2d at 355. *See also Munion v. Trs. of Columbia Univ.*, 991 N.Y.S.2d 460 (N.Y. App. Div. 2014) ("The receipt of Workers' Compensation benefits from a general employer precludes an employee from commencing a negligence action against a special employer.").

Typically, "a person's characterization as a special employee is . . . a question of fact." *Thompson*, 585 N.E.2d at 355. In certain circumstances, however, "determination of special employment status may be made as a matter of law where the particular, undisputed critical facts compel that conclusion and present no triable issue of fact." *Munion*, 991 N.Y.S.2d at 460 (quotations omitted). "Only where the defendant is able to demonstrate conclusively that it has assumed exclusive control over the manner, details and ultimate result of the employee's work" is a determination of special employment as a matter of law appropriate. *Bellamy v. Columbia Univ.*, 851 N.Y.S.2d 406 (N.Y. App. Div. 2008) (quotation omitted).

In assessing whether a special employment relationship exists the courts consider several factors. These include:

> 1) the right to and degree of control by the employer over the manner, details, and ultimate result of the work of the special employee; 2)the method of payment; 3) the right to discharge; 4) the furnishing of equipment; and 5) the nature and purpose of the work.

*Campos v. The I. Grace Co.*, No. 06-CV-2466 (RWS), 2007 WL 4205872, at *2 (S.D.N.Y. Nov. 27, 2007). "However, it must be emphasized that general employment is presumed to continue and

7

this presumption can be rebutted only upon clear demonstration of surrender of control by the general employer and assumption of control by the special employer." *Quinlan*, 160 F. Supp. 2d at 685 (quotation omitted).

Defendants have not satisfied this burden. The Court cannot definitively conclude on the record before it that Medrano was a special employee of Aramark at the time of her injury, and would, in any event, be wary of doing so in light of the general admonition that the strength of a plaintiff's case is not relevant to the resolution of a motion for remand. *See Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 328 (S.D.N.Y. 2007).

Medrano's assertion that Perri "was the direct manager responsible for supervising all aspects of the food service operations performed by defendant Aramark," Pl.'s Aff. ¶ 4, and that her "employment duties were being directly managed by [Perri] on the day of the accident and for years preceding the accident," *id.* ¶ 1–2, may be sufficient to clearly demonstrate "surrender of control" by Bronx Lebanon. But Defendants fail to address any of the other factors determinative of a special employment relationship.

Although the first factor—the degree of control—is "significant and weighty," *Quinlan*, 160 F. Supp. 2d at 685 (quotations omitted), courts must carefully balance all of the factors, and "generally no one is decisive." *Giordano*, 2000 WL 323256 at *4 (finding consideration of the first factor alone "not dispositive of the issue") (quotations omitted). Defendants offer no facts as to how or by whom Medrano was paid, whether Perri had the ability to fire Medrano, whether Defendants or Bronx Lebanon furnished equipment to Medrano, or as to the nature and purpose of Medrano's work. Accordingly, the Court cannot determine, as a matter of law, that Medrano was a special employee of Aramark; this determination must instead be made by the finder of fact—here, in state court.

Because Defendants have not shown, as a matter of law, that the New York law of workers' compensation or *respondeat superior* bars Medrano's suit against Perri, the Court cannot conclude that he was fraudulently joined in this suit. Medrano's motion for remand is granted.

## B.     Attorney Fees and Costs

Section 1447(c) provides that, upon remand, a district court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) ("The statute as a whole … affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."). The standard for determining whether costs and fees should be awarded is not whether a party prevails on a remand motion; rather, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See also Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 472 (S.D.N.Y. 2006) (finding that the "mere fact that the defendant fail[ed] to carry his burden" does not justify an award).

Here, Defendants' removal of this action was not unreasonable. There is a legitimate basis for Defendants' belief that Medrano is a special employee of Aramark and that *respondeat superior* might bar recovery from Perri; indeed, Defendants may well prevail in state court. The Court merely concludes, on the threadbare record before it, and in light of the parties' limited briefing, that it lacks subject matter jurisdiction to hear this case. Medrano's application for attorney's fees and costs is thus denied.

9

## CONCLUSION

Plaintiff's motion to remand is granted, but its application for costs and fees is denied. The

case is remanded to the Supreme Court of Bronx County, New York.

SO ORDERED.

Dated:    August 11, 2015
          New York, New York

Ronnie Abrams
United States District Judge

10